UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PAULA BURSE, on behalf of herself
and all others similarly situated,

        Plaintiff,

v.                                      Civil Case No.:

ADVANCED COLLECTION BUREAU, INC.,

        Defendant.

## CLASS ACTION COMPLAINT

Plaintiff, PAULA BURSE, individually and on behalf of others similarly situated, files this action against Defendant, ADVANCED COLLECTION BUREAU, INC. (hereinafter "ADVANCED COLLECTION BUREAU"), for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq, and the Florida Consumer Collection Practices Act ("FCCPA"), § 559.72, Fla. Stat. In support, Plaintiff alleges the following:

## INTRODUCTION

1. This case arises out of the substantive rights of Plaintiff and Class Members under the FDCPA and the FCCPA.

2. ADVANCED COLLECTION BUREAU is a debt collector that companies have hired to collect monies allegedly due from Plaintiff and Class Members.

3. Plaintiff alleges that in collecting these debts allegedly due from Plaintiff and Class Members, ADVANCED COLLECTION BUREAU has routinely and systematically mailed them letters which violate the FDCPA and FCCPA.

4. The FDCPA requires debt collectors including ADVANCED COLLECTION

BUREAU to represent debt information in a non-misleading manner.

5. For the foregoing conduct as detailed more fully below, Plaintiff brings two counts: Count I for ADVANCED COLLECTION BUREAU's violation of the FDCPA; and Count II for its violation of the FCCPA. Defendant violated Plaintiffs and Class Members' substantive rights under these statutes, causing Plaintiff and the putative Class Members cognizable injuries, giving rise to this action for actual and statutory damages under them.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises out of the FDCPA, a federal statute.

7. The Court has personal jurisdiction because Defendant maintains a location there, does business in Florida and this District, and because specific conduct and acts giving rise to this litigation occurred in Florida.

8. Also, at all times material to this action, Defendant has maintained voluntary, continuous, and systematic contacts with Florida making it foreseeable Defendant would be subject to this Court's jurisdiction, including collecting debts through telephone calls and the mail in Florida, and transacting substantial and regular debt collection business in or affecting Florida, including, collecting consumer debts of Plaintiffs and Class Members in this District and throughout Florida.

9. Venue is proper in this District under 28 V.S.C. §§ 1391(b)(c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

10. All conditions precedent to the filing of this action, if any, have been performed, have occurred, or have been waived.

## PARTIES

11. Plaintiff is natural person, resident of Jacksonville, Florida, and a consumer within the meaning of the FDCPA.

12. Sometime prior to February 9, 2023, Plaintiff allegedly incurred a financial obligation/debt to THE FOUNTAINS AT DEERWOOD ("THE FOUNTAINS").

12. Each Class Member is a consumer who was sent the same form of collection letters or a substantially and materially similar letters as Plaintiff from ADVANCED COLLECTION BUREAU.

13. Defendant, ADVANCED COLLECTION BUREAU is a corporation and citizen with a principal place of business in Rockledge, Florida. Its principal business is collecting defaulted debts owed to another, and it regularly uses the mails to collect such debts. Defendant was hired by THE FOUNTAINS or other parties to collect on alleged debts owed by Plaintiff and other Class Members.

## APPLICABLE LAWS

**Fair Debt Collection Practices Act**

14. The purpose of the FDCPA is "to eliminate abusive debt collection practices ... to promote consistent State action to protect consumers against debt collection abuses... " 15 U.S.C. § 1692.

15. The FDCPA generally prohibits debt collectors, including ADVANCED COLLECTION BUREAU, from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" [§ 1692e], from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f, and from overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

**Florida Consumer Collection Practices Act**

16. The purpose of the FCCPA is to "provide the consumer with the most protection possible." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010)(citing § 559.552, Fla. Stat.).

17. Like the FDCPA, the FCCPA prohibits persons, including ADVANCED COLLECTION BUREAU, from engaging in certain abusive practices in the collection of consumer debts. *See* generally § 559.72, Fla. Stat.

18. Specifically, the FCCPA states that no person, including ADVANCED COLLECTION BUREAU, shall "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." § 559.72(9), Fla. Stat.

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFF

19. Sometime prior to February 9, 2023, Plaintiff allegedly incurred a debt with THE FOUNTAINS.

20. Sometime after February 9, 2023, THE FOUNTAINS referred THE FOUNTAINS obligation to ADVANCED COLLECTION BUREAU for the purpose of collections.

21. After the referral from THE FOUNTAINS, Defendant caused to be delivered to Plaintiff an undated letter, which was addressed to Plaintiff regarding THE FOUNTAINS obligation. See **Exhibit A,** which is fully incorporated herein by reference.

22. The undated letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. The undated letter was the initial written communication that Plaintiff received from ADVANCED COLLECTION BUREAU.

24. No other written communication was received by Plaintiff from ADVANCED COLLECTION BUREAU within five days of the undated letter.

25. The undated letter was purportedly generated in order to comply with Regulation F, effective November 30, 2021.

26. Upon receipt, Plaintiff read and relied on the representations and statements in the undated letter.

27. Defendant admitted that it was a debt collector in its undated letter:

> **ADVANCED COLLECTION BUREAU is a debt collector.** We are trying to collect a debt that you owe to THE FOUNTAINS AT DEERWOOD. We will use any information you give us to help collect the debt.

28. 15 U.S.C. § 1692g(a)(1) of the FDCPA requires that a debt collector provide the Plaintiff with a notice that effectively conveys the amount of the debt.

29. Defendant's undated letter presented Plaintiff with the following information concerning the balance claimed to be owed on the MONMOUTH MEDICAL obligation:

| | | |
|---|---|---|
| As of FEBRUARY 9, 2023, you owed: | | $2,825.95 |
| Between FEBRUARY 9, 2023 and today: | | |
| You were charged this amount in interest: | + | $0.00 |
| You were charged this amount in fees: | + | $0.00 |
| You Paid or were credited this amount toward the debt: | - | $0.00 |
| **Total amount of the debt now:** | | **$2,825.95** |

30. It is not possible to determine from the undated letter which date "today" and "now" refer to since the letter is not dated.

31. Plaintiff had no idea what dates "today" and "now" refer to in Defendant's undated letter.

32. It is not possible to determine from the undated collection letter which dates "today" and "now" refer to.

5

33. The Plaintiff was thereby misled as to the status and amount of the subject debt as there was no date associated with "today" or "now".

34. Because Defendant did not date the collection letter, the letter was suspicious, misleading and deceptive.

35. By withholding the date of the letter, Defendant withheld a material term from Plaintiff which rendered the undated letter confusing for him to understand the nature of the MONMOUTH MEDICAL obligation as well the true amount of the debt.

36. As a result of reading the undated letter coupled with the use of the undefined terms "today and "now", Plaintiff was left confused.

37. Defendant's letter failed to effectively convey the amount of the debt and/or presented the amount of the debt in a confusing manner.

38. Plaintiff made arrangements to pay THE FOUNTAINS obligation via postdated checks.

39. Defendant caused to be delivered to Plaintiff a letter dated March 30, 2023, which was addressed to Plaintiff regarding THE FOUNTAINS obligation. See **Exhibit B,** which is fully incorporated herein by reference.

40. The March 30, 2023 letter also stated in part:

> Creditor:     THE FOUNTAINS AT DEERWOOD
> Account No.:        ACCIFOU7820010079147
> Amount:                    $100.00
>
> ****POST DATED CHECK NOTICE****
>
> Dear PAULA BURSE
>
> Your check that was post dated (sic) by five or more days at the time it was received is scheduled for deposit within the next few days.
>
> Please be informed that it is our intention to deposit the check on

6

the date indicated.

41. 15 U.S.C. § 1692f(2) provides that it is a violation for a debt collector to accept a check postdated by more than five days unless the consumer is notified in writing of the debt collector's intent to deposit said check not more than ten nor less than three business days prior to such deposit.

42. Defendant's March 30, 2023 letter fails to effectively give Plaintiff notice of when Defendant will deposit the postdated check thereby frustrating Plaintiff's ability to plan that appropriate funds are available to cover the postdated check on a specific date.

43. Defendant's letters caused Plaintiff confusion and frustrated her ability to intelligently choose a response to the letters.

44. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

45. The stated purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

46. As described herein, Defendant engaged in abusive debt collection practices that are prohibited by the FDCPA.

47. Defendant knew or should have known that its actions violated the FDCPA.

48. Defendant could have taken the steps necessary to bring its actions within

compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

### DEFENDANT'S UNIFORM COURSE OF CONDUCT

49. Plaintiff's experience is not unique. ADVANCED COLLECTION BUREAU has regularly collected on the debts of Class Members defined below, and in collecting those debts, ADVANCED COLLECTION BUREAU has routinely and systematically violated the FDCPA and the FCCPA as described herein.

50. Upon information and belief, ADVANCED COLLECTION BUREAU tracks its general business practices as it relates to each member of the Class, including Plaintiff, electronically, and maintains electronic records that are searchable regarding the debts it collects, the debtors' identities, account numbers assigned them, and the principal allegedly owed.

34. Upon information and belief, ADVANCED COLLECTION BUREAU tracks via electronic records their written requests for information from debtors, communications with them, and collection letters sent them.

35. Upon information and belief Defendant's debt collections and communication are part of an automated debt collection process whereby collections communications, procedures, and polices are implemented automatically via computer programming.

36. Its collections and communication to debtors, are part of routine policy and procedure, which Defendant has memorialized in writing to its employees. It has in-house employees that review and approve communication forms to ensure their legality before they are used. Nonetheless Defendant routinely mailed collection letters to collect debts the same or substantially similar to Exhibit A.

37. <u>The Common Injury.</u> The FDCPA and the FCCPA respectively create shared,

8

substantive statutory rights for Plaintiff and Class Members.

38. The FDCPA creates a private right of action under 15 U.S.C. § 1692k. The FDCPA created shared, substantive statutory rights of Plaintiff and Class Members to be enforced privately, including,

    a. The right to receive accurate information, representations, and disclosures about debts;

    b. The right to be protected from unfair or unconscionable practices in collections of debts; and

    c. The right to be protected from deceptive means of collecting debts.

*See* 15 U.S.C. §§ 1692e, 1692f, 1692g and 1692k.

39. The FCCPA also creates a private right of action. *See* § 559.77, Fla. Stat. By the FCCPA the Florida Legislature created shared, substantive statutory rights of Plaintiff and Class Members to be enforced privately, including, but not limited to, the rights to be protected from collection of their debts (a) by persons who know that the debts they are attempting collect from them are not legitimate or (b) by persons that assert the existence of some legal right vis-a-vis their debts when such person knows that the right does not exist. §§ 559.72, 559.72(9), 559.77, Fla. Stat.

## CLASS ACTION ALLEGATIONS

40. Plaintiff asks to be designated as a Class Representative, and as Class Representative brings this action under Fed. R. Civ. P. 23(a) and (b)(3) on behalf of all other persons similarly situated-the "Classes" or "Class Members" defined as follows:

> CLASS A - FDCPA
> Within the applicable statutes of limitation, all-natural persons in Florida, whom Defendant sent an initial collection letter which was undated, in an attempt to collect a debt (See Exhibit A).

>    CLASS B – FDCPA
>    Within the applicable statutes of limitation, all-natural persons in Florida, whom Defendant sent a letter about depositing a postdated check or other instrument (See Exhibit B).

Plaintiff and Class Members reserve the right to amend the Class definitions as discovery proceeds and to conform to the evidence. Excluded from the Class are persons whose collection letters according to Defendant's records were returned as undeliverable, persons whose debts were for commercial purposes (not for personal, family, or household purposes), and Defendant, and any subsidiary or affiliate of Defendant, and the directors, officers and employees of Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

41. <u>Numerosity.</u> (Fed. R. Civ. P. 23(a)(1)). Plaintiff alleges on information and belief that the number of Class Members is so numerous that joinder of them is impractical. At this time, Plaintiff does not know the exact number of Class Members, but the members of the Class will be easily ascertained through Defendant's electronic records, data, and databases.

42. <u>Commonality.</u> (Fed. R. Civ. P. 23(a)(2)). There are common questions of law and/or fact that predominate over any questions affecting only individual members of the Class. These predominant common questions of law and/or fact include the following:

   a. Whether Defendant's letters overshadow and/or contradict the rights of Plaintiff and other Class Members;

   b. Whether Defendant's letters properly and effectively conveyed to Plaintiff and the Class Members the notices that are required by the FDCPA;

   c. Whether Defendant's letters violate any provisions of the FCCPA or FDCPA;

   d. Whether Plaintiff and Class Members are entitled to actual damages under the FCCPA or FDCPA; and,

e. Whether Plaintiff and Class Members are entitled to statutory damages under the FCCPA or FDCPA.

43. <u>Typicality.</u> (Fed. R. Civ. P. 23(a)(3)). The claims of the Class Representative are typical of the claims that would be asserted by other members of the Class in that, in proving her claims under the FDCPA and FCCPA, Plaintiff will simultaneously prove the claims of all Class Members. The rights afforded under the FDCPA and the FCCPA are the same for Plaintiff and Class Members. Plaintiff and each Class Member were sent the standardized collection letters by Defendant described above, when it was trying to collect a debt. If this conduct violates the FDCPA and the FCCPA, it is does so not only for Plaintiff but for each Class Member. Moreover, any statutory damages awarded under those statutes will be formulaic.

44. <u>Adequacy.</u> (Fed. R. Civ. P. 23(a)(4)). The Class Representative is a natural person, and she has no conflicts of interest and will fairly and adequately protect and represent the interests of each member of the Class. Additionally, the Class Representative is fully cognizant of its responsibility as Class Representative and has retained experienced counsel fully capable of, and intent upon, vigorously pursuing the action. Each class counsel has extensive experience in class and/or FDCPA or FCCPA claims in this District;

45. <u>Predominance and Superiority.</u> Fed. R. Civ. P. 23 (b)(3). The common questions identified above predominate over any questions of law or fact affecting only individual members of the Class. Moreover, class treatment is clearly superior to other available methods for the fair and efficient adjudication of this controversy.

**COUNT I**
**(Fair Debt Collection Practices Act 15 USC § 1692 et seq.)**

46. Plaintiff, on behalf of herself and others similarly situated, repeats and

realleges all prior allegations as if set forth at length herein.

47. Plaintiff and each Class Member is a "consumer" as defined by 15 U.S.C. § 1692a(3).

48. The monies allegedly owed by Plaintiff and Class Members are debts under the FDCPA because each is "an[] obligation or alleged obligation of a consumer to pay money arising out of a transaction ... [that is]... primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

49. ADVANCED COLLECTION BUREAU is a "debt collector" of debts as defined by 15 U.S.C. § 1692a(6) because it regularly attempts to collect, and collects, amounts owed or asserted to be owed or due another, including the debts from Plaintiff and Class Members via collection letters. The collection letters described above indeed uniformly confirmed this by identifying Defendant as a debt collector.

50. ADVANCED COLLECTION BUREAU engaged in direct "communications" with Plaintiff and Class Members as defined by 15 U.S.C. § 1692a(2) when it sent them or their representatives collection letters.

51. The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

52. As stated above, Congress created shared, substantive statutory rights of Plaintiff and Class Members to be privately enforced and protected under the FDCPA, which Defendant has violated. *See* 15 U.S.C. §§ 1692, 1692e, 1692f and 1692g.

53. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

54. Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

55. Defendant violated 15 U.S.C. § 1692e of the FDCPA as described herein in

12

connection with its communications to Plaintiff and others similarly situated.

56. Defendants' letters violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; §1692e(2)(A); §1692e(5); § 1692e(10); § 1692f(2); § 1692g(a) and §1692g(b).

57. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

58. As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A).

59. As described herein, Defendants violated 15 U.S.C. § 1692e(5).

60. As described herein, Defendants violated 15 U.S.C. § 1692e(10).

61. As described herein, Defendants violated 15 U.S.C. § 1692f(2).

62. As described herein, Defendant's letter violated 15 U.S.C. § 1692g(a) et al.

63. Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to effectively convey the amount of the debt.

64. Defendant violated 15 U.S.C. § 1692g(a)(1) by providing the amount of the debt in a confusing manner.

65. Defendant violated the FDCPA by overshadowing and/or contradicting the notices mandated by 15 U.S.C. § 1692g(a)(3)-(5).

66. Defendant violated 15 U.S.C. §. 1692g(b) by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.

67. As described herein, Defendant's undated violated 15 U.S.C. § 1692g(b).

68. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

69. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

70. These violations of the FDCPA caused injury to Plaintiff and Class Members by violating the foregoing substantive FDCPA rights.

71. As a result of these violations, Plaintiff and Class Members are entitled to statutory and/or actual damages together with reasonable attorney's fees and costs under 15 U.S.C. § 1692(k).

## COUNT II
### (Florida Consumer Collection Practices Act § 559.72(9), Fla. Stat.)

72. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

73. Plaintiff and each Class Member is a "debtor" and "consumer" as defined by § 559.55(8), Fla. Stat.

74. In § 559.72, Fla. Stat., the FCCPA mandates that "no person" shall engage in certain practices in collecting consumer debts. ADVANCED COLLECTION BUREAU is a "person" within the meaning of the FCCPA. Id.; See also § § 1.01(3), Fla. Stat.

75. The monies allegedly owed by Plaintiff and Class Members are debts under the FCCPA because each one is "an[] obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." § 559.55(6), Fla. Stat.

76. The FCCPA creates a private right of action. *See* § 559.77, Fla. Stat.

77. As stated above, the Florida Legislature created shared, substantive statutory rights of Plaintiff and Class Members to be enforced and protected privately under the FCCPA, which ADVANCED COLLECTION BUREAU violated. §§ 559.72, 559.72(9), 559.77, Fla. Stat.

78. Based on the foregoing allegations, ADVANCED COLLECTION BUREAU violated the FCCP.

79. These violations of FCCPA caused injury to Plaintiff and Class Members by violating the foregoing substantive FCCPA rights.

80. As a result of the foregoing violations of the FCCPA, Plaintiff and Class Members paid Defendant interest charges as part of the debts Defendant was collecting.

81. As a result of these violations, Plaintiff and Class Members are entitled to statutory damages and/or actual damages together with reasonable attorney's fees and costs under § 559.77, Fla. Stat.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

## RELIEF REQUESTED

**WHEREFORE** Plaintiff, on behalf of herself and the Class, respectfully requests this Court to award against ADVANCED COLLECTION BUREAU in favor of Plaintiff and the Class all of the following:

a. Certifying either Count I or Count II or both counts for class treatment under Fed. R. Civ. P. 23(a) and (b)(3), appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as counsel for the Class;

b. A judgment for actual damages under the FDCPA or the FCCPA;

c. A judgment for statutory damages under the FDCPA or the FCCPA;

d. A judgment for costs and reasonable attorney's fees under the FDCPA or the FCCPA; and,

e. Any other relief for Plaintiff and the Class the Court deems just and proper.

Dated: August 18, 2023

               By: /s/ Joseph Kanee
                  Joseph Kanee, Esq. (FL BAR ID 1040922)
                  MARCUS & ZELMAN, LLC
                  4000 Ponce De Leon Boulevard, Suite 470
                  Coral Gables, FL 33146
                  (786) 369-1122
                  joseph@marcuszelman.com
                  Attorneys for Plaintiff